NORTH AVENUE EAST CHECK CASHING, PLAINTIFF-RESPONDENT, v. ALUF PLASTICS, INC., DEFENDANT-APPELLANT, v. LEONARD MERMELSTEIN AND JANICE MERMELSTEIN, HIS WIFE, THIRD PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted September 8, 1986—Decided September 25, 1986.

594

Before Judges PETRELLA and BILDER.

*Zucker, Goldberg, Becker & Ackerman,* attorneys for appellant (*William L. Gold,* on the brief).

*George Delmarmo,* attorney for respondent (*Peter H. Dailey,* of counsel and on the letter-brief).

Respondents *Leonard Mermelstein's* and *Janice Mermelstein's* brief was suppressed.

The opinion of the court was delivered by

BILDER, J.A.D.

On this appeal we are asked to decide when interest should commence running on a check for which a stop order was issued by the maker. Surprisingly, the question is apparently novel.

Defendant Aluf Plastics, Inc. was the maker of a check in the sum of $10,000 dated November 25, 1981 drawn on the Bankers Trust Company of New York and payable to L. Mermelstein. The check was negotiated by the payee to plaintiff North Avenue East Check Cashing which apparently deposited it in the First National State Bank of New Jersey for collection. When presented to Bankers Trust for payment through the clearing house on December 2, 1981, the check was returned because payment had been stopped by the maker. *See N.J.S.A.* 12A:4–403. Suit was instituted by North Avenue against the maker and payee.

In a jury trial the trial judge determined as a matter of law that plaintiff was a holder in due course and entitled to recover. The jury determined $8,000 was owing. A judgment was thereupon entered for $8,000 plus interest from the date of the check (erroneously set forth in the judgment as November 21, 1981). Defendant Aluf does not appeal from the judgment of liability nor the award of damages but contends that interest should have been calculated from the date of the institution of suit, February 19, 1985.

Both parties properly agree that the determination of the appropriate interest period is governed by *N.J.S.A.* 12A:3–122(4)(a), a section of the Uniform Commercial Code, which provides as follows:

> Unless an instrument provides otherwise, interest runs at the rate provided by law for a judgment (a) in the case of a maker, acceptor or other primary obligor of a demand instrument, from the date of demand[.]

They disagree as to the date of demand. Plaintiff contends presentment was demand; defendant contends that no specific demand was made and thus the filing of the complaint became the demand. We agree with plaintiff.

Presentment of the check at Bankers Trust through the clearing house was a demand on the payor on behalf of plaintiff. *See N.J.S.A.* 12A:3–504. Its seasonable return amounted to a dishonor, *see N.J.S.A.* 12A:3–507(1)(a), and commenced the running of interest. The stop order created a situation analo-

gous to dishonor and notice thereof to the drawer. *See Brady on Bank Checks* (4th Ed.1969), § 13.11 at 407–408; 5A *Michie on Banks and Banking* (1950), Ch. 9, § 195 at 475; *N.J.S.A.* 12A:3–122(3). As Judge Botter suggested in *Santos v. First Nat'l State Bk. of N.J.*, 186 *N.J.Super.* 52 (App.Div.1982) interest represents payment for the use of money during the period of time it should have been available to the holder. *Id.* at 80. Had the check been paid upon presentment, Aluf would have been credited with the proceeds on that date.

The judgment is modified to $8,000 as of December 2, 1981 plus interest from that date and, as so modified, is affirmed.